**Sidney E. LAWSON et al., Appellants,**

v.

**Delma HIRSCHEIMER, d/b/a, etc., Appellee.**

Court of Appeals of Kentucky.

June 26, 1970.

Scott Collins, Prestonsburg, for appellants.

John Cornett, Hogg & Cornett, Whitesburg, for appellee.

WADDILL, Commissioner.

Appellee brought this action against appellants to recover the sum of $2,465.25 allegedly due on a promissory note and to foreclose a mortgage that was executed to secure the payment of the indebtedness. Appellee also sought to recover $618.58 allegedly due on an open account and to sell certain store fixtures and merchandise pursuant to the terms of the written security agreement appellants had signed.

Appellants filed an answer which contained a general denial and a plea of lack of consideration. By counterclaim appellants asserted that appellee had failed to perform his part of the contract and asked to be awarded damages for the alleged breach.

On the day the case was set for trial appellants filed a motion seeking permission of the court to amend their answer and counterclaim. The amendment sought $40,000.00 as punitive damages on the

ground that appellee had allegedly fraudulently, wilfully and intentionally breached his agreement to furnish appellants "a sufficient line of credit, or goods on credit to stock the defendants' [appellants'] store * * *." The motion to amend the answer and counterclaim was overruled.

Thereafter and pursuant to appellee's motion, a pretrial conference was held in chambers and the trial record reflects that during the conference:

"* * *. Defendants' [appellants'] counsel admitted the due execution of the note, mortgage and security agreement referred to in plaintiffs' [appellee's] complaint and stated that he no longer wished to rely on the defense set forth in his original answer and counterclaim, and the court having denied defendants' motion to file an amended answer, is of the opinion that there is no issue to be decided by the court and that judgment should be entered for the plaintiff on the pleadings, and that defendants' counterclaim should be and the same is hereby dismissed."

Judgment was entered awarding appellee the relief sought in his complaint.

Appellants' contend that they did not concede in the pretrial conference that the amounts sued for were the correct amounts that they owe appellee but that they merely conceded they had executed the note, mortgage and security agreement referred to in the complaint. Hence, they argue that the trial court erred in rendering a judgment against them for the full amount sued for.

■ We find no merit in this contention because it is apparent from the record that the trial court properly construed the concessions made by appellants at the pretrial conference as an admission that the allega-

tions of the complaint were true. We reach this conclusion because appellants had informed the court that they did not intend to rely upon the allegations contained in their answer and counterclaim. Had appellants intended to make an affirmative defense, such as payment, CR 8.-03 requires that it must be pleaded affirmatively. See Clay's Kentucky Practice, Volume 6, Rule 8.03, Author's Comments 1, 2 and 3. Since the defenses pleaded were abandoned the trial court was justified in rendering judgment for appellee.

■ We now reach the question of whether the trial court erred in overruling appellants' motion to amend their answer and counterclaim on the day of the trial. We find three sufficient reasons why we believe the trial court did not abuse its discretion in overruling this motion. First, there is no reason stated or suggested concerning why appellants waited until the day of trial to offer the amendment; second, the trial court was justified in treating the motion to amend as a delay motion, and finally, it appears, by way of brief, that appellants Sidney E. Lawson and Fieldery Lawson had instituted bankruptcy proceedings and had thereby surrendered their legal right to maintain the counterclaim in question. Since the other named appellants were their wives and were parties to the suit only because they had signed the real estate mortgage that is being enforced, the trial court properly could have overruled the motion to amend the counterclaim for this reason.

There is no sufficient ground argued in the brief of the appellants that would cause us to reverse the judgment.

The judgment is affirmed.

All concur.